UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Davarrio Webb,

    Plaintiff,

v.                                Case No.  12-12370
                                    Honorable Sean F. Cox
                                    Magistrate Judge Mark A. Randon

Saginaw Police Department and
Blake Hiben,

    Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff brought this action *in pro per* on May 31, 2012 alleging that Officer Blake Hiben and the Saginaw Police Department violated his Fourth Amendment constitutional right by using excessive force to arrest him following his flee from a home invasion. (Doc. #1). Plaintiff filed an Amended Complaint on December 3, 2012. (Doc. #22).

    On May 29, 2013, Defendants filed their joint Motion to Dismiss and for Summary Judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. (Doc. #33). The motion was fully briefed by the parties, and Magistrate Judge Mark A. Randon issued a Report and Recommendation to Grant in Part and Deny in Part Defendants' motion. (Doc. #40).

    Defendants filed timely objections to Judge Randon's R&R. (Doc. #42). Plaintiff also filed objections to the R&R on October 17, 2013, (Doc. #44), but did not respond to Defendant's objections. Defendant responded to Plaintiff's objections on October 28, 2013 (Doc. #45).

**A.**       **The September 6, 2013 R&R**

Defendants, in their motion, made several arguments as to why Plaintiff's complaint should be dismissed. Defendants argued that Officer Hiben was protected from liability through qualified immunity, that Officer Hiben's actions were objectively reasonable, that the state law assault and battery claim should be dismissed due to Michigan's statutory wrongful conduct rule, that Plaintiff cannot premise his gross negligence count on an intentional tort, and that the section 1983 claim against the Saginaw Police Department should be dismissed because it is not a proper party. Plaintiff filed a response to Defendants' motion. (Doc. #38).

In his R&R, Magistrate Judge Randon recommended that this Court grant partial qualified immunity to Officer Hiben because his force in throwing Plaintiff to the ground in order to effectuate the arrest was objectively reasonable, given the fact that Plaintiff was actively resisting and had evaded arrest. (R&R p. 9-10). Magistrate Judge Randon further recommended that Officer Hiben was not entitled to qualified immunity insofar as Plaintiff alleged Officer Hiben kicked him in the ribs and rubbed his face in the dirt *after* he was handcuffed, because those actions would clearly be excessively forceful. (R&R at p. 11-13).

On the assault and battery claim, Magistrate Judge Randon recommended that it should not be dismissed because a reasonable trier of fact could conclude that Officer Hiben's post-arrest force was excessive, despite Michigan's statutory wrongful conduct rule. (R&R at p. 14-15). Magistrate Judge Randon recommended that Plaintiff's gross negligence claim be dismissed because, as Defendants argued, it cannot be premised on actions which constitute an intentional tort. (R&R p. 16). Finally, Magistrate Judge Randon recommended that this Court dismiss Plaintiff's claim against Saginaw Police Department because Webb did not allege any express policy or custom pursuant to which his rights were violated. (R&R at p. 17).

2

### B.     Defendants' Objections

First, Defendants object to the R&R on the basis that the Plaintiff did not file a Counter-Statement of Facts. Defendants argue that, because Plaintiff did not dispute Defendants' factual allegations, Plaintiff admitted them and thus "abandoned his claims on those issues." (Def.'s Obj. at p. 4 ¶ 9. Defendants raised this argument in their reply brief on this motion but Magistrate Judge Randon did not address it in his R&R.

This Court rejects Defendants' argument. While Plaintiff did not file a formal Counter-Statement of Disputed Facts, Plaintiff clearly and articulately disputes the facts that Defendants now ask this Court to accept as true, such as "Officer Hiben did not kick Plaintiff's ribs or rub Plaintiff's face in the dirt." (Defs.' Obj. at p. 6; *compare* Pl.'s Resp. at 4 ("Applying the standards of objective reasonableness to determine the constitutionality of Hiben's alleged throwing Webb forcefully to the ground, breaking his wrist, kicking him in the ribs, rubbing his face on the ground, and ignoring his complaint that his handcuff was on [sic] too tight . . . .")). Plaintiff testified to those facts at his deposition, during which he was unrepresented. (Webb Dep., attached to Def.'s Mo. (Doc. #33) at Ex. 1, p. 111-12)). Although Plaintiff did not formally submit a Counter-Statement of Disputed Facts, the facts that Defendants ask this Court to accept are genuinely disputed based on the evidence in the record. This Court overrules this objection to the R&R.

Next, Defendants lodge several objections to the R&R that are essentially reiterations of arguments set forth in their summary judgment motion, which the Magistrate Judge considered but rejected. (*See generally* Defs.' Obj. at p. 2-5; *see also* R&R, Sept. 6, 2013)). This Court finds that these objections without merit and overrules them accordingly.

### C.     Plaintiff's Objections

Plaintiff appears to object to the Magistrate Judge's conclusion that Officer Hiben is entitled to qualified immunity regarding his pre-arrest take-down of Plaintiff. (*See* Pl.'s Obj. at 2). Plaintiff argues that Officer Hiben's pre-arrest actions show that Officer Hiben acted with malice towards Plaintiff, and that this malice helps establish that his actions were unreasonable. (Pl.'s Obj. at 2).

Plaintiff's objection misconstrues the law on point. The Fourth Amendment requires this Court to determine whether a particular use of force is objectively reasonable, without regard to the officer's underlying intent or motivation. (R&R, p. 9, *citing Totman v. Louisville Jefferson Cnty. Metro Gov't*, 390 Fed. App'x 454, 462 (6th Cir. Aug. 13, 2010)). Courts should also consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." (R&R p. 10, *citing Darrah v. City of Oak Park*, 255 F.3d 301, 307 (6th Cir. 2001).

This Court concurs with the Magistrate Judge's finding that Officer Hiben acted objectively reasonably when he threw Plaintiff to the ground to subdue and arrest him. (R&R at 10). Webb admits that he actively resisted arrest after he fled the scene of a home invasion. Under the circumstances, Officer Hiben was justified in using the force he found necessary to arrest Plaintiff. This Court therefore overrules Plaintiff's objection to the R&R.

## CONCLUSION AND ORDER

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the September 6, 2013 R&R (Doc. #40). IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and for Summary Judgment is GRANTED IN PART and DENIED IN PART; Counts III (Gross Negligence) and IV (improperly labeled Count VI)(Section 1983 against Saginaw Police Department) of Plaintiff's Amended Complaint are DISMISSED with PREJUDICE.

4

IT IS SO ORDERED.

Dated: December 19, 2013       S/ Sean F. Cox
                               Sean F. Cox
                               U. S. District Court Judge

I hereby certify that on December 19, 2013, the foregoing document was served upon counsel of record by electronic means and upon Davarrio Webb by First Class Mail at the address below:

Davarrio Webb
451915
Michigan Reformatory
1342 West Main Street
Ionia, MI 48846

Dated: December 19, 2013       S/ J. McCoy
                               Case Manager

5