UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Davarrio Webb,

    Plaintiff,

v.                                            Case No. 12-12370

Blake Hiben,                          Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**

In this § 1983 action, Plaintiff Davarrio Webb asserts that Officer Blake Hiben used excessive force on him when he arrested Webb in connection with a home invasion. This Opinion & Order addresses four motions in limine in this case. The Court heard oral argument on the motions on September 14, 2015. The Court's ruling as set forth below.

**BACKGROUND**

On May 29, 2009, Webb was arrested by Officer Hiben. (*See* Stipulated Facts, Joint Final Pretrial Order at 5). Prior to being apprehended by Officer Hiben, Webb exited a window on the second story of a house. Webb was placed in handcuffs by Officer Hiben. Subsequent to his arrest, Webb was taken to St. Mary's Hospital where he received treatment for a broken wrist and puncture wounds inflicted by a canine officer. Neither Webb's broken wrist nor his canine-related puncture wounds were the result of any alleged use of excessive force by Officer Hiben.

Webb alleges that Office Hiben used excessive force on the date of his arrest. Specifically, Webb claims that Officer Hiben kicked him twice, "on his ribcage, just underneath his left armpit." (*Id*. at 3). He also claims that he rubbed his face in the dirt. Webb claims that

he was in handcuffs and was not resisting arrest at the time this alleged force was used.

Officer Hiben, on the other hand, contends that he did not kick Webb or rub his face in the dirt.

The only claim that is proceeding to trial is Webb's claim that Officer Hiben used excessive force and, essentially, the jury will make a credibility determination as to whose version of the facts they believe.

On May 13, 2010, Webb pleaded nolo contendere for two home invasions, one of which was the home where Webb had been arrested on the night that the incidents at issue in this case occurred (1919 Jeffers Street). Webb also has April 26, 2011 convictions for home invasion, felony firearm, possession of a firearm, and safe breaking. Webb is currently incarcerated.

**ANALYSIS**

**I.      Applicable Standards**

    **A.      Relevance**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"Relevant evidence is admissible unless any of the following provides otherwise:" 1) the United States Constitution; 2) a federal statute; 3) these rules; or 4) other rules prescribed by the Supreme Court. Fed. R. Evid. 402.

    **B.      Unfair Prejudice Under Fed. R. Evid. 403**

Rule 403 of the Federal Rules of Evidence provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

        C.        **Admission Of Evidence Under Fed. R. Evid. 404(b)**

"Rule 404(b) bars the admission of 'propensity evidence,' defined as '[e]vidence of a crime, wrong, or other act . . . To prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Flagg v. City of Detroit,* 715 F.3d 165, 175 (6th Cir. 2013) (quoting Fed. R. Evid. 404(b)(1)). "However, it permits the admission of prior 'bad acts' for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id.* (quoting Fed. R. Evid. 404(b)(2)).

"The Rule 404(b) inquiry consists of three parts. First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as whether the 'other act' is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack*, 258 F.3d 548, 554 (6th Cir. 2001); *see also Flagg*, 715 F.3d at 176.

In *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996), the Sixth Circuit set forth the proper procedure for a making a Rule 404(b) determination:

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By so requiring, we do not mandate hyper technicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, the government's purpose in introducing the evidence must be to prove a fact that the defendant has

> placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove *motive* or *intent* or *identity* some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the *specific* purpose for which they may consider the evidence. *Johnson,* 27 F.3d at 1193.

*Id.* at 1076-77 (emphasis in original).

For each 404(b) challenge, the Court must consider: 1) whether there is sufficient evidence the prior act occurred; 2) whether there is a proper purpose for the evidence; and 3) whether the evidence is more prejudicial than probative.

### D. Admission Of Evidence Under Fed. R. Evid. 609

Rule 609 of the Federal Rules of Evidence governs impeachment by evidence of a criminal conviction and provides, in pertinent part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> > (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> > > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant;
>
> . . . .
> > (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a). Rule 609 contains the following limit on use of evidence after ten years:

> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if

4

>more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.  Evidence of the conviction is admissible only if:
>>(1) its probative value, supported by specific facts and circumstances, substantially outweighs it prejudicial effect; and
>>(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

## II.    Webb's Motion to Preclude Evidence of Criminal Convictions and Incarceration (D.E. No. 70)

In this motion, Plaintiff asks the Court to preclude the following: 1) evidence relating to his April 26, 2011 convictions; 2) evidence relating to his plea of nolo contendere for two home invasions, including the home invasion on Jeffers Street, where the arrest at issue in this case took place; and 3) any evidence relating to Webb's incarceration, including the fact that he is currently incarcerated.

### A.    Webb's Convictions for Two Home Invasions

Following the events underlying this case, Webb pleaded nolo contendere to two home invasions, including the home invasion at 1919 Jeffers Street, where Webb was arrested by Officer Hiben.

#### 1.    Should The Conviction Be Admitted Under Rule 404(b)?

Because the 404(b) analysis contains an analysis of relevance and unfair prejudice, the analysis comes down to one under Rule 404(b).  The Court must consider whether: 1) there is sufficient evidence the prior act occurred; 2) there is a proper purpose for the evidence; and 3) the evidence is more prejudicial than probative.

It is undisputed that Webb pleaded nolo contendere to these two home invasions and, therefore, there is sufficient evidence that act occurred.

The Court must then determine if there is a proper purpose for the evidence. Defendant directs the Court to *Greene v. Distelhorst,* 116 F.3d 1480 (6th Cir. 1977) and this Court's decision in *Edgerson v. Matatall*, 2014 WL 172258 (E.D. Mich. 2014), and asserts that evidence of the convictions for the home invasions are admissible for the purpose of placing the events surrounding Plaintiff's arrest in the proper context and showing motive to flee and resist arrest.

Although the *Greene* opinion is unpublished, it is very similar to the facts of this case and, as in *Matatall,* the Court finds it persuasive.

In *Greene*, the plaintiff William Greene brought a § 1983 claim following his arrest. He claimed the officers used excessive force in arresting him. Greene was convicted of resisting arrest and drug charges, which stemmed from drugs found on his person during the arrest. Greene then filed his § 1983 case. Greene, like Plaintiff here, filed a motion in limine asking the trial court to preclude evidence of his convictions for resisting arrest and drug abuse pursuant to Fed. R. Evid. 404(b) and 609. The trial court denied the motion and allowed evidence of the convictions at trial.

Greene appealed and the Sixth Circuit affirmed the trial court's rulings. In doing so, the Court stated, "[w]e conclude that the evidence was not admitted for impeachment purposes, but rather to place the events surrounding Greene's arrest in the proper context and to show motive for his conduct." *Id*. at \*2. The court explained:

> **The evidence which Green sought to exclude in his first two motions in limine is not, strictly speaking, evidence of "other crimes,"** and does not fit neatly into a Rule 404(b) analysis. The arrest that Green was convicted of resisting is the very arrest that Greene here contends was unlawful and accompanied by means of the use of excessive force. Whether an arrest involved the excessive use force is determined by applying the standard of objective reasonableness to the specific conduct of the arresting officers in the context of the facts and circumstances actually present in the particular case. *Graham v.*

> *Connor,* 490 U.S. 386, 388 (1989). The drug abuse conviction was based on the drugs that Greene had on his person when he was arrested. **Thus, this criminal activity was part and parcel of the arrest of which Greene now complains, not "other crimes" unrelated in time and place**. Evidence of this activity, except for the fact of conviction, hardly could have been excluded without denying these defendants the right to present their defense.
> . . . .
> **We find that evidence of Greene's conduct leading to his arrest on July 16, 1993, and the convictions stemming from that arrest were admissible to provide the jury with a full account of the events giving rise to Greene's present claims and to demonstrate Greene's motive to run, hide, and resist arrest.** . . The drug abuse conviction was based on the marijuana found in Greene's possession at the time of arrest and was admissible for the purpose of demonstrating Greene's motive to flee and resist arrest and the officers' motive to maintain pursuit. The conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting Greene; and second, because Greene was found guilty of resisting arrest, he was precluded from relitigating that issue in this action.
> Having reviewed the record, we further conclude that the district court did not abuse its discretion in rejecting Greene's argument that this evidence was more prejudicial than probative. **Because the evidence was necessary to provide the jury with a full account of the events surrounding Greene's claims against the City and the police officers, it was admissible for that legitimate purpose**, and the district court did not abuse its discretion in admitting it for that limited purpose.

*Id.* at 3-4 (emphasis added).

In *Matatall*, the Plaintiff asserted 1983 claims following his arrest. Following *Greene*, this Court allowed evidence concerning the Plaintiff's convictions for driving without a license, resisting arrest, fleeing and eluding, and possession of marijuana.

This Court agreed with Defendant Matatall that, like the situation in *Greene*, evidence of Plaintiff's conduct leading to his arrest on December 19, 2007, and the convictions stemming from that arrest, were admissible to provide the jury with a full account of the events giving rise to Plaintiff's excessive force claim and to demonstrate Plaintiff's motive to run, hide, and resist arrest, as well as assessing the reasonableness of Officer Matatall's use of force. Thus, the Court

7

found that Defendant had established a proper purpose for the admission of evidence of Plaintiff's convictions for driving without a license, resisting arrest, fleeing and eluding, and possession of marijuana, that arose out the underlying events of that case.

Here, the same kind of situation that was seen in both *Greene* and *Matatall* is present. Thus, the Court concludes that Defendant has identified a specific purpose with respect to Webb's conviction for the home invasions. That is, Webb's conduct leading to his arrest on May 29, 2009, and the conviction stemming from that arrest, should be admitted to provide the jury with a full account of the events giving rise to Webb's excessive force claim and to demonstrate Webb's motive to run, hide, and resist arrest, as well as assessing the reasonableness of Officer Hiben's use of force.

Finally, under the third step of the analysis, the Court concludes that the probative value of this evidence would not be outweighed by the danger of unfair prejudice under Rule 403.

Moreover, at the September 14, 2015 hearing, Counsel for Plaintiff agreed that the Court should admit evidence of Webb's May 13, 2010 plea of nolo contendere as to the two home invasions and the fact that he was convicted and sentenced for those crimes.

The Court therefore RULES that evidence as to Webb's May 13, 2010 plea of nolo contendere as to the two home invasions, and the fact the he was convicted and sentenced for the crimes, may be admitted at trial. The Court directs the parties to meet and confer in order to agree upon any appropriate limiting instruction.

    **B.**    **Webb's Other Convictions**

Defendant also wants to admit evidence concerning Webb's 2011 convictions.

    **1.**    **Should The Conviction Be Admitted Under Rule 404(b)?**

Defendant states those crime were committed in 2008, before Webb's arrest on May 29, 2009. Defendant argues that because these offenses were committed before the May 29, 2009 arrest, those convictions should also be admitted to show Webb's motive to flee and resist arrest (ie., so that he would not be linked to the 2008 offenses). This argument strikes the Court as too attenuated.

Moreover, Defendant will already be providing the jury with evidence of Webb's motive in attempting to escape the police and resist arrest on the night in question, via his criminal convictions that arose out of the events underlying this case. Evidence of Webb's other convictions would be cumulative.

And the Court also considers whether the evidence as to these other convictions is more prejudicial than probative. Based on what has been presented, the Court concludes that it is. This Court hereby PRECLUDES evidence regarding Webb's 2011 convictions[1] under Fed. R. Evid. 404(b).

## 2.        Should The Other Convictions Be Admitted Under Rule 609?

Pursuant to Rule 609, for any adult conviction punishable by more than a year, that is less than 10 years old, the conviction is admissible for impeachment purposes unless the Court finds that it should be precluded under Rule 403. Fed. R. Evid. 609(a)(1). Webb's other convictions fall under this category.

But again, based on what has been presented, the Court concludes that those other convictions are more prejudicial than probative. The Court therefore PRECLUDES evidence

---

[1] At the hearing, Plaintiff's Counsel also stated that Plaintiff wishes to preclude evidence of Plaintiff's marijuana convictions and issues concerning child support. Defense Counsel responded that Defendant has no intention of seeking to introduce that evidence.

regarding those other convictions.

### III. Evidence Of Webb's Incarceration

Webb also wants the Court to exclude any evidence concerning the fact that he is currently incarcerated.

As explained during the hearing, given that the jury will be presented with evidence that Webb was convicted and sentenced for the home invasion that occurred on 1919 Jeffers Street on May 29, 2009, the Court is likely to preclude evidence as to the fact that Webb is currently incarcerated. The Court, however, will have to see how the proofs play out at trial before making a ruling on this issue. The Court therefore DENIES this motion WITHOUT PREJUDICE. If he believes it warranted, Webb may renew his objection to this evidence at trial.

### IV. Defendant Hiben's Motion (D.E. No. 67), Seeking To Preclude A Photograph Of Plaintiff

In Defendant Hiben's sole motion in limine, he asks the Court to preclude Plaintiff from using his proposed Exhibit A, which is a single photograph of Plaintiff that was taken on the date of his arrest. The photograph shows Plaintiff facing the camera, with his face and the right side of his torso visible. Plaintiff is wearing a white t-shirt and this color photograph shows some red blood stains on Plaintiff's shirt.

Defendant contends that the Court should preclude the photograph: 1) as irrelevant under Fed. R. Evid. 402; or 2) as unfairly prejudicial under Fed. R. Evid. 403.

First, Defendant contends the photograph is irrelevant because it does not depict any injury that Plaintiff claims to have suffered by Officer Hiben's alleged excessive force. The injury Webb claims to have incurred by the two alleged kicks was to his left side, which is not depicted in the photograph. Defendant also notes that Webb testified that he incurred no injury

to his face.

Defendant also notes that it is undisputed that "at some point after his arrest, Plaintiff was handcuffed and lying on the ground." (Def.'s Br. at 3). Defendant also notes that the blood came from Webb's confrontation with the police dog, which is not part of this case. Thus, Defendant contends that the photograph does not tend to make any fact of consequence in this case more or less probable than it would be without the evidence.

Second, Defendant contends that even if the photograph had any shred of probative value, it should be excluded under Fed. R. Evid. 403(b) due to unfair prejudice given that the photograph shows blood stains that are from the encounter with the police dog. Defendant contends that it will only inflame the passion of the jury and cause confusion as to the limited issues that are proceeding to trial.

In response, Plaintiff contends that the photograph is relevant because it "shows Mr. Webb in handcuffs and is a visual depiction of his state of confinement at the time of the Defendant's assault and wrongful use of force. It shows that Mr. Webb posed no threat to Defendant or anyone else after he was handcuffed, and thus, the force used by Defendant in kicking Mr. Webb and rubbing his head in the ground was unreasonable." (Def.'s Br. at 1).

While Webb may well have been handcuffed at the time this photograph was taken, this Court does not see any handcuffs in this photograph. Nor does the Court see any visible dirt on Webb's face in this photograph, although the Court notes that it was provided with a rather poor quality copy of the photograph.

Webb also argues the photograph has probative value because it "shows the painful positioning of [his] broken wrist after he was arrested, and asserts that Webb's request for help

11

with his pain is what Webb believes prompted Officer Hiben's use of force. But again, the Court does not see the positioning of Webb's wrist or the handcuffs in this photograph.

Accordingly, based on what has been presented, the Court is inclined to preclude the admission of this photograph but will DENY THIS MOTION WITHOUT PREJUDICE, so that the Court can see how the proofs play out. If he believes it is warranted, Defendant may renew his objection to this exhibit at trial.

## V.     Plaintiff's Motion to Exclude Testimony At Trial From Eight Witnesses Identified By Defendant (D.E. No. 69)

In this motion, Plaintiff asks the Court to preclude trial testimony from eight different witnesses that were present on the date of his arrest. Plaintiff asserts that none of these witnesses were present during the time that Officer Hiben used excessive force with him.

In response, Defendant notes that he listed these witnesses but Plaintiff never deposed any of them. Defendant thus suggests that Plaintiff has no basis for asserting that none of these witnesses were present during the alleged excessive force. Defendant further asserts that Plaintiff's assertion is "incorrect relating to some of the witnesses at issue." Defendant also maintains that the Court should reject Plaintiff's position that only those present at the time of the alleged force have relevant testimony. For example, he states that Office Guerrero was at the scene of Plaintiff's arrest and present when the arrest occurred. He also explains how other officers could provide relevant testimony.

Defendant has shown that at least some of the witnesses could provide relevant testimony. The Court DENIES THIS MOTION AS PREMATURE. None of these witnesses were deposed during discovery and the extent and nature of the knowledge of each of these witnesses is an unknown.

If any of these officers were present during the incident at issue, either before or during Webb's arrest, then such officer's testimony may well be relevant at to showing the totality of the circumstances that Officer Hiben experienced on May 29, 2009 and whether his actions were reasonable.

Thus, the Court needs to see how the proofs play out in order to make a ruling with respect to each of these witnesses. If he believes it is warranted, Plaintiff may object to the testimony of any of these witnesses at trial.

### VI. Plaintiff's Motion to Exclude Certain of Defendant's Photographic Evidence (D.E. No. 72)

In this motion, Plaintiff asks the Court to exclude photographs that Defendant intends to use at trial, Defendant's proposed Exhibit 4, 7, 8, 9, 10, and 11. Plaintiff claims these photographs depict various areas of the house/grounds where the home invasion occurred. Plaintiff contends these photographs are not relevant and, alternatively, that they should be precluded as unfairly prejudicial because they would "highlight" Webb's culpability in the home invasion charge.

In response, Defendant contends that the photographs at issue show various portions of the crime scene where the home invasion and Webb's attempted escape occurred. Defendant contends these photographs are relevant to a contextual understanding of the events leading to Webb's arrest and the circumstances that Office Hiben was dealing with.

At the hearing, Plaintiff's Counsel advised the Court that objections to Exhibits 4, 7, and 8 were being withdrawn.

As to the remaining exhibits in this motion, the Court needs to see how the proofs play out before making a ruling on those three exhibits. The Court therefore DENIES THE MOTION

WITHOUT PREJUDICE as those exhibits. If he believes it is warranted, Plaintiff may renew his objections to these exhibits at trial.

     IT IS SO ORDERED.

                                   S/Sean F. Cox
                                   Sean F. Cox
                                   United States District Judge

Dated: September 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2015, by electronic and/or ordinary mail.

                                   S/Jennifer McCoy
                                   Case Manager