UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Davarrio Webb,

    Plaintiff,

v.                                       Case No. 12-12370

Blake Hiben,                     Sean F. Cox
                                             United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE HEARSAY
## STATEMENT FROM MEDICAL RECORDS

In this § 1983 action, Plaintiff Davarrio Webb asserts that Officer Blake Hiben used excessive force on him when he arrested Webb in connection with a home invasion.

Pursuant to this Court's August 19, 2014 Order Regarding Trial (Docket Entry No. 63), all motions in limine were to be filed by September 4, 2014, and the parties were to meet and confer in order to submit a list of agreed upon exhibits by September 4, 2015. The order further advised the parties that any disputes as to the admissibility of trial exhibits would be argued on September 14, 2015.

Thereafter, on September 4, 2015, Counsel filed the "Parties' *Agreed Upon* Exhibit List" (Docket Entry No. 66) (emphasis added) that included the full set of medical records from St. Mary's Hospital. (Docket Entry No. 66, Ex. B-1). Thus, both parties agreed to the admission of these medical records – *without any redactions and without reserving any objections* – for use at trial.

On or before September 4, 2015, Plaintiff filed three motions in limine and Defendant

1

filed one. This Court addressed those motions in an Opinion & Order issued on September 14, 2015.

Although not raised in any motion in limine filed by Plaintiff or Defendant, on September 14, 2015, Plaintiff's Counsel sought to orally raise another motion in limine. The Court advised Counsel that all motions must be made in writing.

Thereafter, on the afternoon of September 14, 2015, Plaintiff's Counsel filed "Plaintiff's Motion in Limine And Brief In Support To Exclude Hearsay Statement From Medical Records." (Docket Entry No. 85). In this motion, Plaintiff asks the Court to redact the medical records in Exhibit B-1. Specifically, Plaintiff asks the Court to redact a portion of Page SM0025, which consists of a report by Dr. Stone and/or Dr. Veverka, following a consultation as to Plaintiff that was requested by Dr. Nielsen. The page at issue reads:

> " . . . And according to police, [plaintiff] jumped out of a second story window, rolled across the lower roof, landed on the ground, landing on his left side and wrist and proceeded to get up and keep running."

(Pl.'s Motion at 2). Plaintiff acknowledges that the "33 page packet of medical records was used at the [de bene esse] deposition of Dr. Nielsen, which will be played before the jury." (Pl.'s Motion at 3). Plaintiff contends the statement by the unknown police officer in the medical records is hearsay and should be excluded pursuant to Fed. R. Evid. 802. Plaintiff claims that "[a] reference was made to page SM0025, [during Dr. Nielsen's deposition, ] but no testimony was taken with regard to the statement at issue. No objection, therefore, was raised at that time." (*Id.*).

Notably, Plaintiff's motion does not ask the Court to order that the videotape of Dr. Nielsen's de bene esse deposition be redacted or edited.

In response to Plaintiff's motion, Defendant notes that during Dr. Nielsen's de bene esse deposition, *taken on September 10, 2015*, Defense Counsel moved for the admission of Defendant's Exhibit 1 – the medical records from St. Mary's Hospital – and Plaintiff had no objections to the admission of those records. (Nielsen Dep. at 8).

Defendant also disagrees with Plaintiff's assertion that no testimony was taken during Dr. Nielsen's deposition that should have evoked a hearsay objection as to statements contained in the medical records from St. Mary's. Defendant notes that Dr. Nielsen was specifically asked about the medical records from St. Mary's and about hearsay statements by police officers:

> Q. And in the history of present illness did you provide a narrative of the circumstances under which Mr. Webb presented to the emergency department?
> A. I did.
> Q. Did you indicate that he was accompanied to the emergency department by police?
> A. Yes.
> Q. Do you see patients in the emergency department who are accompanied or chaperoned by police from time to time?
> A. Yes.
> *Q. And in that section of your report you indicated that Mr. Webb jumped out of second story window, per police?*
> *A. Yes.*
> Q. You also indicated that the patient denied jumping from that window?
> A. Yes, I did.
> Q. And that is because when a patient presents with the police you take a history from the police and from the patient?
> A. That would be the normal, yes.

(Dr. Nielsen's Dep. at 11-12) (emphasis added). Thus, contrary to Plaintiff's assertions, Plaintiff had the opportunity to object to hearsay statements contained in the medical records from St. Mary's and simply failed to do so.

At the September 15, 2015 hearing on this motion, Plaintiff's counsel acknowledged that Plaintiff is not asking the Court to redact any portion of Dr. Nielsen's de bene esse deposition

3

testimony. Moreover, Plaintiff's Counsel stated that Plaintiff is not objecting to another *admittedly hearsay portion* of the medical records from St. Mary's wherein Dr. Nielsen made statements about what had been reported to him by the police and by Plaintiff:

> PATIENT presents to emergency department by police. He right and [sic] handcuffs. He reportedly was bitten by the police dog to his right arm and also jumped out of the second story window per police. The patient denies jumping from window. he complains of left abdominal and chest pain. He complains of right forearm pain where he was bitten and left wrist pain from fall. He denies headache, neck or back pain. He denies loss of consciousness. He admits to using marijuana, he denies alcohol use.

(Pl.'s Ex. 1 at SM0003-0004).

Defendant contends that, by agreeing to the admission of the medical records without redaction for use at trial, and by failing to object to hearsay statements elicited during Dr. Nielsen's deposition testimony concerning the medical records from St. Mary's, Plaintiff has waived any hearsay objection as to the medical records.

The Court agrees that Plaintiff waived any hearsay objection to Dr. Nielsen's testimony about the medical records from St. Mary's. Fed. R. Civ. P. 32(d) "provides that errors in the form of the questions or answers are waived unless seasonable objection is made at the taking of the deposition." *Bahamas Agricultural Indus., Ltd. v. Riley Stoker Corp.*, 526 F.2d 1174, 1180 (6th Cir. 1975); *see also* Fed. R. Civ. P. 32(d)(3)(B). If an objection to Dr. Nielsen's testimony, which was based on the hearsay in the medical records, "had been raised at the time the deposition was being taken, the objection could have been obviated or removed." *Id*. Thus, any objection that Plaintiff could raise as to Dr. Nielsen's testimony regarding the history portion of his report were "waived by the failure to assert them when the deposition was being taken." *Id.*

More importantly, Plaintiff has now *twice* agreed to the admission of the full set of

4

medical records from St. Mary's Hospital – once when Plaintiff agreed to the "Parties' Agreed Upon Exhibit List" (Docket Entry No. 66) that included a full set of un-redacted medical records from St. Mary's Hospital and again during Dr. Nielsen's September 10, 2015 deposition when Plaintiff's Counsel agreed to the admission of the medical records from St. Mary's without any objection.

Plaintiff has waived his eleventh-hour objection to the medical records. Accordingly, the Court hereby ORDERS that Plaintiff's Motion in Limine is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 15, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager